IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY DONNEL EVANS, # R9326**                                                            **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 3:15CV216-HTW-LRA**

**KEEFE COMMISSARY, TRACY
IMAFIDON, and RONALD KING**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court *sua sponte*. *Pro se* plaintiff Larry Donnel Evans is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the conditions of his confinement. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

Evans is currently housed at the Central Mississippi Correctional Facility. Defendant Keefe Commissary is alleged to have contracted with the MDOC to provide commissary services to this prison. Defendant Tracy Imafidon is employed at the prison commissary as the supervisor, and Defendant Ronald King is the superintendent of the prison.

Evans alleges that he purchased a televison from Keefe Commissary in 2012. On May 6, 2014, he gave the television to Imafidon, so that Keefe Commissary could repair it. Evans complains that Keefe Commissary took longer to repair the television than Keefe's and MDOC's policies allow. According to the Complaint, those policies only allow two to twelve weeks for repairs. Evans claims that it took Keefe nineteen weeks to pick the television up from Imafidon and that, as of October 30, it still was not repaired. He therefore believes that Keefe Commissary's act of depriving him of his television was "random and unauthorized." (Mem. in

Support at 6); (Resp. at 9). Evans filed a grievance with Imafidon who replied that the television had been sent for repair and was not untimely. King denied the second step grievance and responded that the television will be returned to Evans as soon as it is repaired.

Evans filed the instant action, accusing all three Defendants of violating his right to due process and Imafidon and King of violating Equal Protection. In addition, Evans claims that all Defendants are vicariously liable for the Keefe repair employees. Evans raises his claims under Title 42 U.S.C. § 1983 and the Mississippi Constitution for deprivation of property without due process and under § 1983 for equal protection. He seeks a declaratory judgment, compensatory and punitive damages.

## DISCUSSION

SECTION 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is

authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Evans to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

I. DUE PROCESS

Defendants are first accused of depriving Evans of his television without due process of law. Evans contends that this deprivation was intentional, random, and unauthorized.

An intentional deprivation of property may be a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). However:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional . . . deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mississippi provides an adequate postdeprivation remedy for the loss of property through other means, because Evans may sue for conversion and for taking property without just compensation under the Mississippi Constitution. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (conversion); *Johnson v. King*, 85 So. 3d 307, 310-11 (¶¶7-8) (Miss. Ct. App. 2012) (Mississippi Takings Clause). For this reason, the § 1983 claim for deprivation of property without due process is dismissed as frivolous. This counts as a strike pursuant to Title 28 U.S.C. § 1915(g).

II. EQUAL PROTECTION

Next Evans claims that his right to equal protection was violated merely because his right to due process was violated.

The due process claim has already been found to be frivolous. Furthermore, Evans does

not claim that he was treated differently than any other individual. He merely states that he was treated differently than the policies stated he should have been. He fails to state a claim for equal protection.

<u>STATE LAW CLAIM</u>

Finally, Evans asserts a deprivation of property claim under the Mississippi Constitution. Because this claim invokes the court's supplemental jurisdiction, it is dismissed without prejudice pursuant to Title 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the case is **DISMISSED**. The Title 42 U.S.C. § 1983 claims are dismissed with prejudice as frivolous and for failure to state a claim. This dismissal counts as a strike pursuant to Title 28 U.S.C. § 1915(g). The State law claim is dismissed without prejudice pursuant to Title 28 U.S.C. § 1367(c)(3). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2015.

s/ HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE